Miriam Finley Schwartz v. Commissioner.
Schwartz v. Commissioner
Docket No. 41051.
United States Tax Court
T.C. Memo 1954-54; 1954 Tax Ct. Memo LEXIS 193; 13 T.C.M. (CCH) 509; T.C.M. (RIA) 54160; May 28, 1954, Filed *193 John P. Gualtieri, Esq., for the petitioner. John J. O'Toole, Esq., for the respondent. FISHER
The respondent determined deficiencies in income tax for the taxable year 1947 in the amount of $2,219.22. The issue is whether a sum received by petitioner in 1947 in accordance with a property settlement agreement with her former husband is taxable as income to her in that year. Memorandum Opinion FISHER, Judge: The facts stipulated by the parties are found accordingly and incorporated herein by this reference. Petitioner and her husband, Larry Finley, were the owners of three businesses in the State of California known as "Mission Beach Amusement Park", "Trianon Ballroom", and "Faye's", a retail fruit business. Each business was operated as a copartnership. On May 4, 1946, the amusement park business, in which petitioner was an equal partner with her husband, had a cause of action pending against The Music Corporation of America for damages for loss of profits resulting from a combination and conspiracy in restraint of trade. On May 4, 1946, the couple consummated a property settlement agreement which provided in part (1) that the three copartnerships shall be *194 dissolved, (2) that the husband shall receive all of petitioner's right, title and interest in the amusement park and the ballroom businesses, (3) that petitioner shall receive all of the husband's right, title and interest in the fruit business, (4) that the net amount which may be recovered from The Music Corporation of America shall be divided equally between the parties, and (5) that the husband shall pay determinable amounts of money each month based on his earnings for the support of petitioner and their child. The amounts to be paid for such support were to be not less than $50 per month for the child and not less than $450 per month for petitioner. The couple was subsequently divorced in Nevada and the above property settlement agreement was incorporated into the decree which was later made a binding judgment between the parties in the State of California. In 1947 the petitioner received, in accordance with the agreement, the sum of $14,000 representing one-half of the net proceeds recovered from The Music Corporation of America. She did not include this amount in her 1947 Federal income tax return. Petitioner contends that the sum was received "as part of a settlement *195 of matrimonial differences" and that it "was part of a lump-sum settlement received by petitioner for present and future support and maintenance." We do not agree. The property settlement agreement clearly provides in a separate and distinct section for such support and maintenance in substantial monthly amounts. Furthermore, the provision of the agreement which concerns the pending litigation is properly included among other provisions with respect to the division of property, for it, in effect, provides for the disposition of a valuable claim owned by the couple as equal business partners upon dissolution of the partnership. Thus, upon settlement of the litigation, the payment to petitioner of one-half of the net proceeds was made because of a legal obligation arising from the couple's former business relationship, not their marital or family relationship. At the time the cause of action arose, petitioner was an equal partner with her husband in the business. As such, she was entitled to receive one-half of the net proceeds recovered from the defendant in that action. The property settlement agreement, which dissolved that partnership and transferred her proprietary interest therein *196 to her husband, in substance provided that her interest in that litigation would be unaffected by the dissolution and transfer. We therefore find as a fact that the sum received by petitioner in 1947 was her proportionate share of an amount paid in settlement of a cause of action one-half of which she then owned. In determining whether an amount received by a taxpayer in settlement of an action is taxable as income, the long-standing rule is that the amount received must be considered in the light of the claim from which it was realized. If that claim is for "income", the amount is taxable as such. ; , affirming , certiorari denied . In the instant case, it is clear that the amount was in settlement of a claim for lost profits of a business which arose while petitioner was an equal partner with her husband in that business. We hold, therefore, that said sum of $14,000 is taxable as income to petitioner. The petition in this case assigns no error with respect to *197 the year in which the income was taxed, but relies in substance upon the ground that the income was not taxable to petitioner at all. There is nothing in the stipulation of facts which supports a finding that the income should have been taxed in any other year, and we find no error in respondent's determination that the income in question was taxable in 1947. Decision will be entered for the respondent.